UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

|  |  |  |
|---|---|---|
| JEREMY TEABOUT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: |
| | ) | |
| THE BUDD GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

Pursuant to 28 U.S.C. §§ 1441(a) and (c), 28 U.S.C. 1446, and Local Rule

4.2 of the Local Rules of the United States District Court for the Middle District of Florida,

Defendant, THE BUDD GROUP, INC. ("Budd Group" or "Defendant"), through

undersigned counsel, hereby requests that this Court remove this action from the Circuit

Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, to the

United States District Court, for the Middle District of Florida, Tampa Division, and state

as follows:

## STATE COURT ACTION

1.      Plaintiff JEREMY TEABOUT ("Teabout" or "Plaintiff"), a former

employee of Defendant, brought this action in state court in the Circuit Court of the

Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 07-CA-

017273, alleging unpaid overtime compensation in violation of the Fair Labor Standards

Act, 29 U.S.C. § 201 et seq. ("FLSA") (Count I) and unpaid wages pursuant to Florida Statute 448.08 (Count II).

2.    Defendant was served with Plaintiff's Original Complaint on or about December 18, 2007.

3.    On or about December 26, 2007, Plaintiff filed an Amended Complaint also alleging violations of the FLSA (Count I) and unpaid wages under Florida Statute 448.08 (Count II).

4.    This action is within original jurisdiction of the United States District Court, pursuant to 28 U.S.C. § 1331, as Plaintiff's action contains claims for violations of the FLSA, 29 U.S.C. § 201, et seq. Accordingly, removal to the United States District Court is proper. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003). Removal of the entire case is appropriate pursuant to 28 U.S.C. § 1441(c).

5.    The United States District Court for the Middle District of Florida, Tampa Division, includes the judicial circuit in which Plaintiff filed his Complaint. Thus, removal is proper to this Court pursuant to 28 U.S.C. § 1446(a).

6.    This Notice of and Petition for Removal has been filed within 30 days of the receipt by Defendant on December 18, 2007, of a copy of the Complaint in the Circuit Court case. Thus, this notice of removal is timely filed pursuant to 28 U.S.C. §1446(b).

7.    Copies of all processes, pleadings, orders and other papers or exhibits of every kind currently on file with the state court are attached to this notice of removal as Exhibit "A" as required by 28 U.S.C. §1446(a).

8.      Pursuant to 28 U.S.C. §1446(d), Defendant has provided written notice of the removal to all parties in this action and has filed a copy of this Notice of and Petition for Removal in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

WHEREFORE, THE BUDD GROUP, INC. respectfully prays that the United States District Court for the Middle District of Florida, Tampa Division, accept the removal of this action from the state court and direct that the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida have no further jurisdiction of this matter unless and until this case is remanded.

Respectfully submitted this 16th day of January 2008.

Respectfully submitted,

JACKSON LEWIS LLP
390 North Orange Avenue, Suite 1285
Post Office Box 3389
Orlando, Florida 32802-3389
Telephone:    (407) 246-8440
Facsimile:    (407) 246-8441

By:    _____
Randall W. Lord
Florida Bar No. 765422
lordr@jacksonlewis.com

Nicole A. Sbert
Florida Bar No. 0896861
sbertn@jacksonlewis.com

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the above and foregoing has been furnished this 16th day of January, 2008, via U.S. First Class Mail to: WOLFGANG M. FLORIN, ESQ. and CHRISTOPHER D. GRAY, ESQ., 777 Alderman Road, Palm Harbor, FL 34683.

Nicole A. Sbert

4

EXHIBIT "A"

## IN THE CIRCUIT COURT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
### CIRCUIT CIVIL CASE NO.:

JEREMY TEABOUT,                         )
                                        )
      Plaintiff,            )
                                        )                  **47 17273**
vs.                                     )
                                        )                  **DIVISION I**
                                        )
THE BUDD GROUP,                         )
                                        )
      Defendant,            )
_____/

### COMPLAINT

COMES NOW Plaintiff, JEREMY TEABOUT, pursuant to the Fair Labor Standards Act of 1938, and amended, 29 U.S.C. § 201 et seq., and sues the Defendant, THE BUDD GROUP, INC. hereinafter referred to as "BUDD", and alleges:

### JURISDICTION AND VENUE

1.     This is an action for damages which exceed Fifteen Thousand (15,000.00) Dollars exclusive of costs and interest.

2.     Venue lies within Hillsborough County because a substantial part of the events giving rise to this claim arose in this Judicial District.

### PARTIES

3.     Plaintiff, JEREMY TEABOUT, resides in Pinellas County, Florida.

4.     Defendant, BUDD, is a foreign corporation, licensed and authorized to conduct business in the state of Florida. At all times material, Defendant, BUDD, is an employer as defined by the Act.

## COUNT I
### (Fair Labor Standard Act)

5.      Plaintiff realleges paragraphs one through four as though set forth fully herein.

6.      Plaintiff, JEREMY TEAUBOUT, had been employed by Defendant, BUDD, as an Operations Supervisor since November 2004.

7.      The employment of JEREMY TEAUBOUT, provided for a forty (40) hour work week, but throughout his respective employment Plaintiff was required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

8.      At all times material, BUDD, failed to comply with 29 U.S.C. § 201 et seq., in that Plaintiff worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate Plaintiff at the rate of time and one-half for the excess hours worked.

9.      BUDD's failure to pay Plaintiff the required overtime pay was intentional and willful.

10.     As a direct and legal consequence of Defendant's unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

## COUNT II
### UNPAID WAGES

11.     Plaintiff realleges paragraphs one through four as though set forth fully herein.

12.     Plaintiff earned wages over the course of his employment which are owed and payable by the Defendant employer pursuant to Florida Statute Chapter 448.

14.     Defendant, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment as required by Florida Statute Chapter 448.

15.     Plaintiff has retained undersigned counsel and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff, JEREMY TEABOUT, respectfully requests all legal and equitable relief allowed by law including judgment against Defendant, THE BUDD GROUP, INC., for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all issues so triable.

FLORIN, ROEBIG, P.A.

WOLFGANG M. FLORIN, ESQ.
CHRISTOPHER D. GRAY, ESQ.
777 Alderman Road
Palm Harbor, FL 34683
Telephone No.: (727) 786-5000
Facsimile No.: (727) 772-9833
Attorney for Plaintiff
FL BAR Nos.: 907804 and 902004
Dated: _12-7-07_

*Circuit*

IN THE ~~COUNTY~~ COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

FORM 1.997
CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. (See instruction on the reverse of the form).

---

I.   CASE STYLE

CIRCUIT CIVIL

JEREMY TEABOUT,

Case No.: **67 17273**
Judge:

         Plaintiff,

vs.

**DIVISION I**

THE BUDD GROUP, INC.,

         Defendant,

---

II.   TYPE OF CASE (Place an X in one box only. If the case fits more then one type of case, select the most definitive.)

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| ___Simplif. Divorce | ___Profess. Malpractice | ___Contracts |
| ___Divorce | ___Products Liability | ___Condominium |
| ___Support-IV-D | ___Auto Negligence | ___Real Prop. |
| ___Support-Non IV D | ___Other Negligence | ___Mortgage for. |
| ___URESA-IV-D | | ___Eminent domain |
| ___URESA-Non IV-D | Specific Case Type | X_Other |
| ___Domestic Violence | | |
| ___Other domestic | ___(per Administrative | |
| relations | Order 86-44) | |

---

III. Is Jury Trial Demanded in Complaint?
    _X_Yes        ___No

DATE: *12-7-07*

SIGNATURE OF ATTORNEY FOR PARTY
INITIATING ACTION
ATTORNEY'S FBN - 907804

xx          R E C E I P T

Clerk of Circuit Court - CPROD

Receipt Number: 1215096
Date:          10-DEC-2007
Cashier:       HIPSON

Payor:   JEREMY TEABOUT
Address:

| Description | Amount |
|---|---|
| Case: 07-CA-017273 | |
| TEABOUT:J VS BUDD GROUP | |
| Party: JEREMY TEABOUT | |
| DOR MED/ARD TF FS | 1.00 |
| DOR DFS 28.241 (1 | 0.50 |
| COURT ED TF 28.24 | 3.50 |
| DOR GEN REV FUND | 50.00 |
| DOR DFS ADMIN TF | 5.00 |
| CIRCUIT CIVIL FIL | 195.00 |

| | |
|---|---|
| Amount Due: | 255.00 |
| Amount Tendered-CHEK: | 255.00 |
| Change Due: | 0.00 |