UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

|  |  |
|---|---|
| JEREMY TEABOUT, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) CASE NO.: 8:08-cv-00113-RAL-TGW |
| THE BUDD GROUP, INC., | ) ) ) |
| Defendant. | ) ) ) |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**
**AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiff, JEREMY TEABOUT ("Plaintiff"), and Defendant, The Budd Group, Inc. ("Defendants") jointly move the Court to approve the settlement reached by the parties in this case.

**BACKGROUND**

On December 26, 2007, Plaintiff, Jeremy Teabout, filed his Complaint and Demand for Jury Trial in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. Defendant removed the action to the Middle District of Florida, Tampa Division on January 17, 2008. The Complaint sought backpay, liquidated damages, prejudgment interest, and attorneys fees and costs for Defendant's alleged violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*. On June 3, 2008, the parties successfully came to an agreement to resolve the matter and now seek approval from this Court.

**Negotiations.**

Since the filing of Plaintiff's Complaint the parties have had on going negotiations regarding the Plaintiff's claims. On June 3, 2008 the parties successfully came to an agreement. The Settlement provides that Defendant will pay Plaintiff $4,400.00. Defendant will further pay Plaintiff's attorney, Florin Roebig, P.A., $4,350.00 in attorney's fees.

In exchange for these payments, Plaintiff agrees to release Defendant from the claims brought in the Complaint and any other claims they may have against Defendant.

I.  **FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE**

   A.  **The Settlement is Reasonable and Fair.**

Pursuant to the case law of this Circuit, judicial review and approval of this tentative settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn,*

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at

1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

>(1) the existence of fraud or collusion behind the settlement:
>(2) the complexity, expense, and likely duration of the litigation;
>(3) the stage of the proceedings and the amount of discovery completed;
>(4) the probability of plaintiff's success on the merits:
>(5) the range of possible recovery; and
>(6) the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. Jan. 8, 2007); *see also Hill v. Florida Industrial Elec., Inc.,* No. 6:06-cv-915-Orl-31JGG, 2007 U.S. Dist. LEXIS 9498, at *6, (M.D. Fla. Feb. 9, 2007); *Pacheco v. JHM Enterprises, Inc., et al.,* No. 6:05-cv-1247-Orl-JGG, 2006 U.S. Dist. LEXIS 22066, at *4 (M.D. Fla. Apr. 12, 2006). The Court should keep in mind the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at * 2-3*; see also Cotton v. Hinton.* 559 F.2d 1326, 1331 (5th Cir. 1977).

### B.     All of the Relevant Criteria Support Final Approval of the Settlement.

First, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to plaintiffs seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel. Plaintiff was represented by Florin Roebig, P.A. and Defendant was represented by Randall W. Lord, Esq. and Nicole A. Sbert, Esq. of Jackson Lewis LLP.

All of the counsel involved have extensive experience in litigating claims under the Fair Labor Standards Act. Each counsel was obligated to and did vigorously represent their

3

clients' rights. Based on the amount to be paid to Plaintiff, it is clear that there was no fraud or collusion.

The complexity, expense, and length of future litigation also militate in favor of this settlement. Plaintiff and Defendant continue to disagree over the merits of the claim asserted by Plaintiff. If this case were litigated further, Defendant would bear the burden of proving that Plaintiff was properly classified as exempt employees under the Fair Labor Standards Act. *See Friedman v. South Fla. Psych. Assoc.*, 139 Fed. Appx. 183, 185 (11th Cir. 2005). Plaintiff, in turn, would have to prove that he performed work for which he was not properly compensated. *See Reyna v. Conagra Foods, Inc.,* No. 3:04-cv-39, 2006 U.S. Dist. LEXIS 89690, at *10 (M.D. Ga. 2006), *citing Anderson v. Mt. Clemens Pottery Co.,* 382 U.S. 680, 687, 66 S.Ct. 1187, 90 L. Ed. 1515 (1946). Both parties would be forced to engage in complex, costly, and protracted litigation in order to meet these burdens. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

Third, there has been sufficient investigation and exchange of information to allow counsel and the Court to act intelligently in this matter. The parties voluntarily exchanged information on an informal basis, including documents, data, and oral presentations by the Plaintiff regarding his claim. Both parties exchanged information regarding Plaintiff's hours, pay, job duties and responsibilities. In agreeing upon the proposed settlement, the parties had sufficient information and had conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

Plaintiff's probability of success on the merits is also uncertain, further suggesting that this settlement is fair and appropriate. Plaintiff asserts that he is owed back overtime wages due to Defendant's alleged violation of the FLSA. The range of possible recovery by Plaintiff is

also open to dispute. Even if Plaintiff was able to succeed on the merits of their claims, requiring substantial additional time and exercise of resources by both parties, the amount of any recovery is uncertain.

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *6-7, (M.D. Fla. Dec. 21, 2006); *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). In determining the reasonableness of attorneys' fees, the lodestar is generally recognized as a reasonable fee. *See City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Helms* at *5. Courts have held, however, that it is unnecessary to inquire into the reasonableness of the hourly rate charged by plaintiff's counsel where both parties stipulate as to the reasonableness of the attorney's fees. *Id.* at *12. Here, both parties stipulate that the proposed fees to Plaintiff's counsel are reasonable. Therefore, both parties request that this Court find the proposed attorneys' fees reasonable.

## II.     CONCLUSION

The Settlement terms are fair, reasonable and adequate. Accordingly, the parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement of the Plaintiffs.

DATED this 20th day of June, 2008.

Respectfully submitted,

| | |
|---|---|
| */s/ Wolfgang M. Florin* | */s/ Nicole A. Sbert* |
| WOLFGANG M. FLORIN, Esq. | RANDALL W. LORD, ESQ. |
| Florida Bar No. 907804 | Florida Bar No. 765422 |
| FLORIN ROEBIG, P.A. | NICOLE A. SBERT, ESQ. |
| 777 Alderman Road | Florida Bar No: 0896861 |
| Palm Harbor, FL  34683 | JACKSON LEWIS LLP |
| Telephone:  (727) 786-5000 | 390 North Orange Avenue, Suite 1285 |
| Facsimile:   (727) 772-9833 | Orlando, FL 32802 |
| Attorney for Plaintiff | Telephone: (407) 246-8440 |
| | Facsimile: (407) 246-8441 |
| | Attorneys for Defendants |